1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONNELL COX,

11              Plaintiff,              No. CIV S-07-0885 GEB EFB P

12         vs.

13   SACRAMENTO COUNTY POLICE
     DEPARTMENT, et al.,
14
                Defendants.              <u>ORDER</u>
15   _____/

16         Plaintiff is a state prisoner prosecuting this civil rights action without counsel. *See* 42

17   U.S.C. § 1983.  Plaintiff requests leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).

22         Plaintiff must pay the statutory filing fee of $350. *See*  28 U.S.C. §§ 1914(a), 1915(b)(1).

23   Plaintiff must make monthly payments of 20 percent of the preceding month's income credited

24   to his prison trust account.  All payments shall be forwarded by the appropriate agency to the

25   Clerk of the Court when the amount in plaintiff's account exceeds $10 until the filing fee is paid

26   in full.  28 U.S.C. § 1915(b)(2).

1

1  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2  screening, finds that it states a cognizable claim against defendants Shirashi and Lannom. *See* 28
3  U.S.C. § 1915A.

4  Plaintiff fails to specify charging allegations against the Sacramento City Police
5  Department.[1]  The complaint therefore does not state a cognizable claim against that defendant
6  and the court will not order service against it.

7  Plaintiff may proceed forthwith to serve defendants Shirashi and Lannom and pursue his
8  claims against only those defendants or he may delay serving any defendant and attempt to state
9  a cognizable claim against defendant Sacramento City Police Department.

10  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
11  defendant Sacramento City Police Department, he has 30 days so to do.  He is not obligated to
12  amend his complaint.

13  If plaintiff elects to proceed forthwith against defendants Shirashi and Lannom, against
14  whom he has stated a cognizable claim for relief, then within 20 days he must return materials
15  for service of process enclosed herewith.  In this event the court will construe plaintiff's election
16  as consent to dismissal of all claims against defendant Sacramento City Police Department
17  without prejudice.

18  Any amended complaint must show the federal court has jurisdiction, the action is
19  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
20  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
21  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
22  right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
23  deprivation of a constitutional right if he does an act, participates in another's act or omits to
24  perform an act he is legally required to do that causes the alleged deprivation).

25
26  _____
[1]  The court notes the defendant is identified in the caption as the Sacramento County
Police Department.  Plaintiff has written to the court asking the clerk to correct that error.

1    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

2  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

3  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

6  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

9    Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and

10  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

11  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

12  claim."); Fed. R. Civ. P. 8.

13    If plaintiff's pleading is deficient on account of an omission or technical defect, the court

14  will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

15  cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

16  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

17  violates the federal rules, once explained, or the court's plain orders.

18    An amended complaint must be complete in itself without reference to any prior

19  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

20  files an amended complaint, the original pleading is superseded.

21    By signing a first amended complaint plaintiff certifies he has made reasonable inquiry

22  and has evidentiary support for his allegations and that for violation of this rule the court may

23  impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

24    A prisoner may bring no § 1983 action until he has exhausted such administrative

25  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

26  *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

1  departmental decision, action, condition, or policy which they can demonstrate as having an

2  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*   An appeal must

3  be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

4  "action requested."  Therefore, this court ordinarily will review only claims against prison

5  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

6  that were or should have been uncovered in the review promised by the department.  Plaintiff is

7  further admonished that by signing an amended complaint he certifies his claims are warranted

8  by existing law, including the law that he exhaust administrative remedies, and that for violation

9  of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

10  Shirashi and Lannom.

11          Accordingly, the court hereby orders that:

12          1.  Plaintiff's request to proceed *in forma pauperis* is granted.

13          2.  Plaintiff must pay the statutory filing fee of $350 for this action.  All payments shall

14  be collected and paid in accordance with the notice to the Director of the California Department

15  of Corrections and Rehabilitation filed concurrently herewith.

16          3.  Claims against defendant Sacramento City Police Department are dismissed with

17  leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to

18  attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

19  complaint.

20          4.  The allegations in the pleading are sufficient at least to state cognizable claims against

21  defendants Shirashi and Lannom.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the

22  Court shall provide to plaintiff a blank summons, a copy of the pleading filed may 10, 2007, two

23  USM-285 forms and instructions for service of process on defendants Shirashi and Lannom.

24  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of

25  Documents with the completed summons, the completed USM-285 forms, and three copies of

26  the May 10, 2007, complaint.  The court will transmit them to the United States Marshal for

4

service of process pursuant to Fed. R. Civ. P. 4.  Defendants Shirashi and Lannom will be
required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent
to an order dismissing his defective claims against defendant Sacramento City Police
Department without prejudice.

Dated:   August 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONNELL COX,

11             Plaintiff,                    No. CIV S-07-0885 GEB EFB P

12         vs.

13   SACRAMENTO COUNTY POLICE
     DEPARTMENT, et al.,
14
               Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS
15
     _____/
16
             Plaintiff hereby submits the following documents in compliance with the court's order
17
     filed _____:
18
                   __1__        completed summons form
19
                   _____        completed forms USM-285
20
                   _____        copies of the _____
21                                           Complaint
22
     Dated:
23
                                     _____
24                                             Plaintiff
25

26

                                                 6